# Exhibit B

Case 4:18-cv-00018-DB-DBP Document 2-2 Filed 04/25/18 Page 1 of 16

R. Matthew Feller (12345)
Richard Bednar (6074)
FELLER & WENDT, LLC
1834 East 3100 North
Layton, Utah 84040
Telephone:  (801) 499-5060
Facsimile:   (801) 499-5064
*mattfeller@fellerwendt.com*
*rbednar@fellerwendt.com*

Attorneys for Plaintiff

_____

IN THE FIFTH JUDICIAL DISTRICT COURT

IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| CAMERON COSENTINO,<br><br>               Plaintiff,<br>vs.<br><br>RED ROCK CANYON SCHOOL, LLC; RED ROCK CANYON SCHOOL NON-PROFIT ORGANIZATION; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION, INC.; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION NON-PROFIT ORGANIZATION; and DIARRA FIELDS.<br><br>               Defendants. | **FIRST AMENDED COMPLAINT AND RENEWED JURY DEMAND**<br><br><br><br>Case No. 180500126<br><br>Judge: G. Michael Westfall<br><br>Tier: 3 |
|---|---|

Plaintiff Cameron Cosentino complains against the above named Defendants and alleges as follows:

## PARTIES

1. Plaintiff Cameron Cosentino (hereinafter "Plaintiff") is a resident of Sacramento County, California.

2. Upon information and belief, Defendant Red Rock Canyon School, LLC ("RRCS") was and continues to be a limited liability company with its principle place of business in Washington County, State of Utah.

3. Upon information and belief, Red Rock Canyon School Non-Profit Organization ("RRCSNP") is a Utah Corporation conducting business in Washington County, State of Utah.

4. Upon information and belief Center for Adolescent Recovery and Education, Inc., ("CARE") is a Utah Corporation conducting business in Washington County, State of Utah.

5. Upon information and belief Center for Adolescent Recovery and Education, Non-Profit Organization ("CARENP") was, at the time of the events complained of, a Utah Corporation conducting business in Washington County, State of Utah.

6. Upon information and belief, Defendant Diarra Fields (hereinafter "Fields") was and continues to be a resident of Washington County, State of Utah.

## JURISDICTION AND VENUE

7. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. §78A-5-102.

8.      The injuries giving rise to this Complaint occurred in St. George, Washington County, State of Utah, and thus venue is appropriate in the above-captioned court pursuant to Utah Code Ann. §78B-3-307.

## TIER ELECTION

9.      Pursuant to Rule 26(c)(5) of the Utah Rules of Civil Procedure, a Tier 3 designation applies to cases in which damages are $300,000 or more.

10.     Damages in this case are well in excess $300,000.

11.     Accordingly, this case qualifies for a Tier 3 designation.

## STATEMENT OF FACTS

12.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

13.     This action arises as a consequence of sexual abuse of a minor child that occurred on the premises of RRCS located at 747 East St. George Boulevard, St. George, Utah 84770, at various times in 2012.

14.     RRCS is a youth residential treatment center.

15.     Upon information and belief, RRCS is one of the youth residential treatment centers managed and supervised by CARE and/or CARENP.

16.     RRCS promotes itself as Psychiatric Residential Treatment center for teens 12-18 who require structure and treatment beyond that available in traditional outpatient clinics & intensive outpatient services. RRCS purports to specialize in treating the following symptoms and disorders: attachment issues; adoption issues; poly-substance abuse/addiction; post-traumatic stress disorder (PTSD); ADD/ADHD; clinical

depression; bi-polar; oppositional or defiant behaviors; conduct disorder; mild eating disorders; and anxiety.

17. Typical students at RRCS are between 12 and 18 years of age and may have any number of the following issues: history of emotional problems such as poor self-esteem, poor coping skills or lack of anger management skills; depression, anxiety, poor impulse control; self-destructive behaviors, including, eating disorders and/or other self-harm behaviors; history of drug or alcohol abuse; history of poor school performance; history of abuse or neglect; developing parent-child conflict issues; and obsessive compulsive disorder.

18. RRCS represents that health and safety is our first priority that guides all of their policies, procedures, and daily activities.

19. RRCS represents that it is a safe place for young people to heal, to recover, and for families to reunite.

20. RRCS represents that it provides 24 hour awake supervision by caring staff that are trained regularly in first aid, CPR, positive control systems, and youth protection.

21. RRCS represents that it maintains Joint Commission Accreditation by the Joint Commission on Behavioral Health Organizations (JCAHO) which is a stringent accreditation process that requires safety policies, procedures and facility features that are beyond the reach of most residential treatment centers.

22. RRCS purports to believe in the worth and value of each individual teen and claims to help each struggling teen find the worth and value in themselves.

23. To accomplish its mission, RRCS asserts that everyone, students and staff alike, operate in a purposeful culture of shared positive values.

24. RRCS asserts that the central purpose and aim of the therapeutic community is to develop self-worth, significance, dignity and responsibility in each of the residents.

25. RRCS represents that its positive peer culture programs aim to develop a code of conduct that assures a safe environment and promotes pro-social behavior.

26. RRCS represents that each day, members of the clinical team, academic team, residential team, and medical team work together to ensure that the therapeutic needs of each student is met every step of the way, each and every day.

27. RRCS represents that each member of its team is highly educated, highly experienced, and highly dedicated to helping young men and women heal and families reunite.

28. RRCS represents that it employs charactered individuals who are not only great at what they do – they are caring, understanding individuals who are good role models for the youth.

29. Defendant Fields was an employee of RRCS and was working within the course and scope of his employment with RRCS at all material times herein mentioned.

30. Fields was authorized to work for RRCS, was subject to RRCS' control and was RRCS' agent.

31. In 2012, Fields was 27 years old.

32. Plaintiff was a minor child and 13 years-old at the time he enrolled at RRCS in November 2011.

33. During 2012 and while a student at RRCS, Plaintiff was sexually abused multiple times.

34. Each incident of sexual abuse occurred on the premises of RRCS.

35. Beginning in March 2012, Plaintiff was sexually abused by another RRCS student, C.H., who threatened Plaintiff and other RRCS students in order to receive "sexual favors."

36. C.H. sexually abused Plaintiff about 15 separate times.

37. In May 2012, Plaintiff was also sexually abused by Defendant Fields.

38. The sexual abuse perpetrated by Defendant Fields included genital fondling, oral sex, and anal intercourse.

39. The sexual abuse perpetrated by Defendant Fields occurred when Fields was alone with Plaintiff.

40. Upon information and belief, it was against RRCS policy for staff members to be alone with students.

41. RRCS, its agents and/or employees, knew or should have known that Fields was spending time alone with students, including Plaintiff.

42. Upon information and belief, while employed by RRCS, Fields, sexually abused at least two other RRCS students.

43. Upon information and belief, Defendants failed to properly supervise its employees, including Fields.

44. Upon information and belief, Defendants failed to properly supervise its students, including Plaintiff.

45. Upon information and belief, Defendants failed to properly train Fields.

46. Upon information and belief, Defendants hired Fields when it knew or should have known that Fields posed a danger to its students.

47. On January 9, 2018, Plaintiff was issued a Certificate of Compliance from the Division of Occupational & Professional Licensing, Department of Commerce certifying that all requirements set forth in § 78B-3-418 and § 78B-3-423, of the Utah Code had been satisfied regarding prelitigation review of the above captioned matter.

## FIRST CAUSE OF ACTION
(Negligence – All Defendants Except Fields)

48. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

49. Defendants owed a heightened duty of care to Plaintiff because Plaintiff's parent(s) entrusted Defendants to keep Plaintiff safe.

50. Based on the Defendants' representation that it would act *in loco parentis*, Plaintiff's parent(s) entrusted Plaintiff to Defendants.

51. Defendants owed a heightened duty of care to Plaintiff and the other children because Plaintiff and the other children were at a heightened risk for sexual victimization.

52. Defendants were negligent and reckless in the following respects:

   a. They knew or should have known that RRCS students posed a substantial risk of harm to other RRCS students, including Plaintiff, and chose not to protect Plaintiff from other RRCS students;

   b. They chose not to properly supervise the children in its care;

    c.    They knew or should have known that Fields posed a substantial risk of harm to Plaintiff and chose not to protect Plaintiff from Fields;

    d.    They chose not to properly supervise its employees, including Fields;

    e.    They chose not to properly train its employees, including Fields, in the supervision of at-risk youth;

    f.    They chose to hire employees, including Fields, that were not fit for working in the presence of children;

    g.    They chose to not properly report the abuse to proper authorities and agencies; and

    h.    They chose not to tell parents about the harm that was occurring to their children.

53.    As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Respondeat Superior – Defendant RRCS)

54.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

55.    At the time of this incident, Fields was an employee/agent of RRCS and was acting in the course and scope of his employment/agency.

56.    Fields, while acting in the course and scope of his employment for and on behalf of RRCS, breached his duty and failed to exercise a heightened duty of care in the following respects:

    a.    He engaged in improper and illegal sexual conduct with Plaintiff while he was a minor.

    b.    He engaged in sexual conduct with at least two other minor students on RRCS' premises; and

    c.    He instructed Plaintiff not to tell anyone about the sexual conduct.

57. Because Fields was acting in the course and scope of his employment with RRCS at the time of this incident, RRCS is vicariously liable for Fields' negligence, recklessness, willful misconduct, and intentional acts.

58. As a direct and proximate result of the acts of Defendant Fields, for which RRCS is vicariously liable, Plaintiff was injured physically, emotionally, and financially in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
(Negligent Hiring – All Defendants Except Fields)

59. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

60. Having undertaken to care for Plaintiff during his residence, Defendants had a heightened duty to protect Plaintiff from harm.

61. Defendants had a heightened duty to hire qualified staff.

62. Defendants had a heightened duty to hire a sufficient number of staff to keep students safe.

63. Defendants had a duty to protect its students, including Plaintiff, from unfit staff members, including Fields.

64. Upon information and belief, Defendants have a pattern and practice of choosing to hire unqualified staff.

65. Upon information and belief, Defendants have a pattern and practice of choosing to hire an insufficient number of staff.

66. Upon information and belief, Defendants' primary consideration when making hiring decisions was how it could make a profit –not, the safety of the children.

67. Defendants failed to keep the children safe when it chose to hire unqualified and dangerous employees, including Fields.

68. Defendants failed to keep the children safe when it chose to hire an insufficient number of staff.

69. Defendants knew or should have known that hiring unqualified employees and/or hiring an insufficient number of employees, posed an unnecessary and reckless risk of harm to the students, including Plaintiff.

70. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
(Negligent Supervision and/or Training –All Defendants Except Fields)

71. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

72. Defendants had a duty to train staff on safety policies and procedures.

73. Defendants had a duty to train staff on abuse recognition and reporting.

74. Defendants had a duty to train staff on how a victim of abuse should be treated after the victim has reported being abused.

75. Upon information and belief, Defendants have a pattern and practice of failing to supervise staff and students.

76. Upon information and belief, Defendants have a pattern and practice of failing to keep students safe.

77. Defendants had a duty to supervise staff and students to ensure that safety policies and procedures were being followed.

78. Defendants had a duty to supervise staff and students so the whereabouts of staff and students were accounted for at all times.

79. Defendants had a duty to investigate suspicious behavior of staff and students.

80. Defendants had a duty to properly supervise and oversee its staff members, including Fields', interactions with students.

81. Defendants knew or should have known that Fields needed appropriate supervision to ensure that he was not spending time alone with students, including Plaintiff, and/or engaging in inappropriate conduct.

82. Defendants knew or should have known that Fields needed appropriate training on proper interactions with students, including Plaintiff.

83. Defendants chose to violate the aforementioned duties they owed to the children, including Plaintiff.

84. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
(Gross Negligence – All Defendants Except Fields)

85. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

86. Defendants failed to observe even slight care in hiring and training its staff.

87. Defendants failed to observe even slight care in supervising its staff and students.

88. Defendants' acts and omissions were careless and reckless to a degree that manifested a knowing and reckless indifference toward, and a disregard of, the rights of others.

89. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
(Sodomy on a Child/Sexual Abuse of a Child/Forcible Sexual Abuse – Defendant Fields)

90. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

91. Fields engaged in sexual conduct with Plaintiff while he was a minor.

92. The sexual conduct included genital fondling, oral sex, and anal intercourse.

93. Plaintiff was legally incapable of consenting to the sexual conduct.

94. Fields conduct with Plaintiff was intentional.

95. Fields knew or should have known that his conduct with Plaintiff would likely cause affront or alarm to Plaintiff.

96. Upon information and belief, based on Fields conduct with Plaintiff and other minor students at RRCS, Fields pled guilty to three counts of forcible sexual abuse, a second degree felony, in violation of Utah Code § 76-5-404 on March 6, 2014 in Fifth District Court in and for Washington County, State of Utah in case number 121501271.

97. Plaintiff alleges that as a direct and proximate result of Fields' sexual conduct, Plaintiff sustained injuries.

## **SEVENTH CAUSE OF ACTION**
(Negligence – Defendant Fields)

98. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

99. Fields owed a heightened duty of care to Plaintiff because Fields was in the presence of children at all times referenced herein.

100. Fields was negligent and reckless in the following ways:

    a. He engaged in sexual conduct with Plaintiff while he was a minor; and

    b. The sexual conduct posed a substantial risk of harm to Plaintiff.

101. Fields' actions constituted negligence in the form of reckless misconduct and reckless disregard for the safety of Plaintiff.

102. Fields owed a heightened duty of care to Plaintiff.

103. Fields breached that duty of care in the manner previously mentioned.

104. As a direct and proximate result of Fields' negligence, Plaintiff was injured physically, emotionally, and financially in an amount to be proven at trial.

## DAMAGES

105. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

106. As a direct and proximate result of Defendants' wrongful acts omissions as alleged herein, Plaintiff suffered injuries which required Plaintiff to incur past and future special damages including lost wages, impairment to earning capacity, and past and future medical expenses in an amount to be proven at trial.

107. As a direct and proximate result of Defendants' wrongful acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, general damages such as emotional distress, isolation and despair.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

    A.    For general damages, including pain and suffering, in an amount to be proven at trial;

    B.    For past and future special damages including, but not limited to lost wages, impairment to earning capacity, and past and future medical expenses in an amount to be proven at trial;

    C.    For punitive damages in an amount that acts as a punishment to the Defendants for their wrongs and as a warning to others not to offend in like manner;

    D.    For costs of suit herein; and

  E. For such further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiff renews his demand for a trial by jury of any issue triable by jury. The statutory fee was paid with the filing of Plaintiff's initial Complaint.

DATED this 28th day of March, 2018.

        FELLER & WENDT

        */s/ Matthew Feller*
        MATTHEW FELLER
        RICHARD BEDNAR
        Attorneys for Plaintiff